UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL GONZALEZ,<br><br>Defendant. | No. 2:20-cr-00232-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Rafael Gonzalez's ("Defendant") Motion for Early Termination of Supervised Release. (ECF No. 4.) The Government filed an opposition. (ECF No. 5.) Defendant filed a reply. (ECF No. 7.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Jurisdiction of this case transferred to this Court from the Northern District of Florida on December 14, 2020. (ECF No. 1.) The Court will summarize the relevant background of this case based on information from the Northern District of Florida's docket in case number 5:11-cr-00005-RS and will identify citations from that docket herein with "11-cr-05."

In March 2011, Defendant pleaded guilty to one count of failing to register and update his sex offender registration as required by the Sex Offender Registration and Notification Act. (11-cr-05, ECF No. 24.) In June 2011, the Northern District of Florida court sentenced Defendant to a within-guidelines, 24-month term of imprisonment to be followed by a 25-year term of supervised release. (11-cr-05, ECF No. 29.) Defendant began serving his term of supervised release on October 12, 2012. (11-cr-05, ECF No. 33.) On April 27, 2023, Defendant filed the instant motion for early termination of supervised release. (ECF No. 4.)

### II. STANDARD OF LAW

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

### III. ANALYSIS

In his motion, Defendant argues he has completed over ten years of his 25-year term of supervised release without any violations or concerns. (ECF No. 4 at 2.) Defendant notes that his probation officer has "'no position' on [Defendant's] termination, which is neither in support nor denial of the termination." (*Id.*) Defendant's probation officer further stated, "I can speak to his very positive performance on supervision and the concerns about criminal history that is from 1987." (*Id.*) Defendant goes on to cite data from the Sentencing Commission showing that: (1) had he been sentenced in this district, he likely would have received a statutory minimum, 60-

1   month term of supervised release; (2) out of the nine offenders sentenced in this district for this
2   offense from 2017 to 2021, eight received 60-month terms of supervision and one received a 36-
3   month term of supervision; and (3) the nationwide average term of supervision for this offense
4   was 84 months and the nationwide median was 60 months. (*Id.* at 5–6.) Defendant emphasizes
5   he has shown "very positive performance" over his ten years of supervision despite facing
6   difficult struggles, such as caring for his wife while she was dying of ovarian cancer and having
7   his leg amputated and becoming homeless after his house collapsed on him during a hurricane in
8   Florida. (*Id.* at 6.) Defendant acknowledges he has a lengthy criminal history, but he argues that
9   over the last ten years of compliance on supervised release, he has shown he is not a danger to
10  society and poses a low rate of sexual recidivism. (*Id.*)

11       In opposition, the Government argues Defendant's history and characteristics do not
12  support early termination and a 25-year term of supervised release is necessary to protect the
13  public. (ECF No. 5 at 3.) The Government lists Defendant's extensive criminal history, which
14  dates from 1978 to 2008 and includes convictions for: burglary; possession of a sawed-off
15  shotgun; multiple counts of vehicle theft; escape from jail with force or violence; kidnapping to
16  commit robbery, oral copulation, and two counts of forcible rape; aggravated assault; and injury
17  to a child. (*Id.* at 3–4.) The Government argues Defendant's criminal history shows that he does
18  not respect the rule of law, has repeatedly caused harm to others, and has prior violations of
19  parole. (*Id.* at 5.) The Government further argues the nature and circumstances of the offense do
20  not warrant early termination, as Defendant chose not to comply with sex offender registration
21  requirements shortly after being released for his 2008 conviction. (*Id.* at 5–6.) In response to
22  Defendant's argument about other offenders receiving lower terms of supervised release in this
23  district, the Government argues that no further information is provided as to the backgrounds of
24  those nine offenders, their offense conduct, or if their criminal histories were as lengthy or as
25  violent as Defendant's criminal history. (*Id.* at 7.) In response to Defendant's argument that he
26  poses a low risk of sexual recidivism, the Government argues the rate of recidivism against a
27  child is unknown. (*Id.*)
28  ///

The Court has carefully considered the subset of 18 U.S.C. § 3553(a) factors listed in 18 U.S.C. § 3583(e).  The most compelling factor weighing against early termination is Defendant's extensive, violent criminal history.  While Defendant's criminal history is concerning, it is also dated.  Most of Defendant's offenses took place in the 1970s and 1980s, and there is no evidence that Defendant has engaged in any violent behavior since 2008.  Although Defendant's failure to register as a sex offender is a serious offense, the Court cannot say that the nature and circumstances of that offense — for which Defendant was sentenced to only two years of imprisonment — was so egregious as to warrant a 25-year term of supervised release.  The Court has reviewed the presentence report and the sentencing transcript from the Northern District of Florida, and it is unclear what factors led the sentencing court to impose a 25-year term of supervised release rather than the statutory minimum five-year term.

Defendant has persuaded the Court that other factors outweigh his criminal history and support early termination of supervised release.  Defendant has had no violations for over ten years despite several harrowing events taking place during that time, such as the loss of his wife to ovarian cancer and the loss of his leg and home during a hurricane.  Moreover, Defendant is almost 65 years old, suffers from multiple serious health conditions, and his counsel represents that Defendant will have to register as a sex offender for the rest of his life under California law.  All these factors suggest 15 more years of supervision is not necessary to afford adequate deterrence or to protect the public.  The Court is also persuaded by Defendant's citation to Sentencing Commission statistics showing that the ten years Defendant has already spent on supervised release is much higher than the terms imposed in this district — and nationwide — for others who have committed the same or similar offense.  As such, the Court finds that requiring Defendant to serve his entire 25-year term of supervised release risks creating unwarranted sentencing disparities.

In sum, the Court concludes that the relevant factors weigh in favor of granting Defendant's request for early termination of supervised release.

///

///

4

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release is hereby GRANTED. (ECF No. 4.)

IT IS SO ORDERED.

DATED: May 17, 2023

_____
Troy L. Nunley
United States District Judge